UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| YOLANDA C. VALLES, | ) | No. ED CV 12-00399-VBK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| v. | ) | |
| | ) | (Social Security Case) |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

considered Plaintiff's upper extremity impairments which existed as of March 31, 2000, Plaintiff's date last insured (JS at 4).

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY CONSIDERED PLAINTIFF'S UPPER EXTREMITY IMPAIRMENTS**

In his Decision (AR 17-24), the ALJ determined that as of her date last insured ("DLI") Plaintiff had severe impairments of disorder of the lumbar and cervical spine; right shoulder tendinitis and sprain. (AR 19.)  Plaintiff's DLI is March 31, 2000. (AR 136.)  The ALJ determined that Plaintiff's "more severe shoulder impairment, which resulted in surgery, and her carpal tunnel syndrome were not medically determinable impairments prior to the [DLI]." (Id.)  Plaintiff disputes this finding, contending that her more severe upper shoulder impairment was in existence as of her DLI.

In making his determination, the ALJ relied upon a number of items of evidence, including the testimony of the Medical Expert ("ME") at the hearing (AR 22, 49-52).  In particular, the ME, who had examined medical records for periods of time both before and after the DLI, concluded that Plaintiff did not have a medically determinable severe impairment of her right shoulder on or before the DLI. (AR 49.)  In questioning the ME, the ALJ noted that the medical records contained a reference to chronic bicipital tendinitis in the right shoulder and chronic right shoulder girdle sprain, which was

acknowledged by the ME as soft tissue injuries not usually considered to be medically determinable. (AR 50.)  Nevertheless, in the Decision, the ALJ credited Plaintiff as having a severe impairment of right shoulder tendinitis and sprain, and in making this finding, referenced a workers compensation orthopedic examination by the Agreed Medical Examiner ("AME"), Dr. Patzakis, which occurred in January 2001. (AR 21, 362-373.)   Indeed, Dr. Patzakis' report supports the ALJ's conclusions.   On examination, Plaintiff demonstrated minimal impairment in her upper extremities (AR 364-365), and was found, with regard to her right upper extremity, to be precluded only from very heavy lifting and from prolonged and repetitive work at or above right shoulder level. (AR 372.)

Plaintiff argues, nonetheless, that the record indicates that she reported symptoms in her right upper extremity as early as 1994. (JS at 4, citing AR 627, 628, 630.)  But an evaluation of those reports belies Plaintiff's contentions.   For example, Dr. Lewis diagnosed Plaintiff in June of 1994 as having musculoligamentous strain in her lumbosacral spine, and strain in her right chest muscle. (AR 628.) Dr. Lewis observed right low back pain and right chest pain, but made no diagnosis of an upper extremity impairment.   In an orthopedic re-evaluation Dr. Lewis conducted in August of 1994, Dr. Lewis noted that Plaintiff returned continuing with some pain in the right chest and low back. (AR 631.)  There is no indication whatsoever in this report of upper extremity pain or a diagnosis of any condition involving Plaintiff's right upper extremity.

In an examination conducted on November 2, 1999, Plaintiff complained that about three to four months previous to this, the pain in her right shoulder/clavicle area and low back became worse. (AR

1   193).  The examination of Plaintiff's upper extremities indicated full

2   range of motion of both shoulders, elbows, wrists, and hands. (AR

3   194.)  Plaintiff had tenderness in her right shoulder over her right

4   scapula, but had full range of motion in her right shoulder. (AR 195.)

5        The ALJ was entitled to rely upon the testimony of the ME.  See

6   Armstrong v. Commissioner of Social Sec. Admin., 160 F.3d 587, 590 (9th

7   Cir. 1998).  In this case, the ME had reviewed the medical records

8   prior to testifying, and relied upon them.  Those records, as

9   indicated by the Court's brief summary contained in this Opinion, do

10  not support Plaintiff's contention that she had a medically

11  determinable impairment in her right shoulder area prior to the DLI.

12       In addition to the foregoing, the ALJ was entitled to rely upon

13  the opinion rendered by Dr. Patzakis, even though it was provided in

14  the context of a workers compensation case.  Contrary to the

15  contention of Plaintiff's counsel, the ALJ must, in effect,

16  "translate" workers compensation terminology into the Social Security

17  context.  That was done in a reasonable fashion in this case.  See

18  Macri v. Chater, 93 F.3d 540, 543-44 (9th Cir. 1996).

19       Finally, although not perhaps the most determinative piece of

20  evidence, the ALJ was entitled to rely upon the fact that Plaintiff

21  received no medical treatment for her alleged impairments from

22  February 1995 to April 1999. (AR 21.)

23       Based on the foregoing, the Court concludes that substantial

24  evidence exists to support the ALJ's determination as to the nature

25  and type of severe impairments which Plaintiff experienced as of her

26  DLI.  Consequently, the Court finds no merit in Plaintiff's Issue No.

27  1.

28  //

1  The decision of the ALJ will be affirmed.  The Complaint will be

2  dismissed with prejudice.

3  **IT IS SO ORDERED.**

4

5  DATED: <u>January 4, 2013</u>  <u>            /s/            </u>

6  VICTOR B. KENTON
   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28